Carolyn H. Cottrell (SBN 166977)
Ori Edelstain (SBN 268145)
Philippe M. Gaudard (SBN 331744)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SALINAS, on behalf of himself and the Class members,<br><br>  Plaintiff,<br><br>vs.<br><br>NESTLE PURINA PETCARE COMPANY; NESTLE USA, INC.;<br><br>  Defendants, | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Hours Worked (Labor Code § 204);<br>(2) Failure to Pay Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br>(3) Failure to Pay Overtime Wages (Labor Code § 510);<br>(4) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Labor Code §§ 226.7 and 512);<br>(5) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226);<br>(6) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Emmanuel Salinas ("Plaintiff") brings this action on behalf of himself and other similarly situated individuals against Nestlé Purina PetCare Company ("Nestlé Purina") and Nestlé USA, Inc. ("Nestlé USA) (collectively "Defendants"), for violations of California wage and hour laws.

2.      This action stems from Defendants' policies and practices of: (1) failing to compensate Plaintiff and putative Class members for all hours worked; (2) failing to pay Plaintiff and putative Class members minimum wage for all hours worked; (3) failing to pay Plaintiff and putative Class members overtime wages; (4) failing to authorize and permit Plaintiff and  putative Class members to take meal and rest breaks to which they are entitled by law, and failing to pay premium compensation for missed meal and rest breaks; (5) failing to provide Plaintiff and putative Class members true and accurate itemized wage statements; and (6) and engaging in unfair business practices.

3.      Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**PARTIES**

1.      Plaintiff Emmanuel Salinas is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

2.      Plaintiff is currently employed by Defendants for various projects as a forklift operator. Plaintiff began employment with Defendants in February 2015. Plaintiff works for Defendants in Maricopa, California.

3.      Plaintiff is informed, believes, and thereon alleges that Nestlé Purina is a Missouri corporation headquartered in St. Louis, Missouri. Nestlé Purina is registered to do business in California, does business in California and employs and/or

---

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

1   employed hourly, non-exempt employees, including Plaintiff and the putative Class
2   members in California.  Nestlé Purina may be served with process by serving its
3   registered agent, C T Corporation System, 330 N Brand Boulevard, Glendale,
4   California 90120.

5       4.    Plaintiff is informed, believes, and thereon alleges that Nestlé USA is a
6   Delaware corporation headquartered on Arlington, Virginia. Nestlé USA is registered
7   to do business in California, does business in California and employs and employed
8   hourly, non-exempt employees, including Plaintiff and the putative Class members
9   in California.  Nestlé USA may be served with process by serving its registered agent,
10  C T Corporation System, 330 N Brand Boulevard, Glendale, California 90120.

11      5.    Plaintiff is informed, believes, and thereon alleges that Defendants
12  jointly employ and/or employed putative Class members, among other hourly
13  employees, in this District and throughout the state of California.

14      6.    Defendants employ and/or employed Plaintiff and putative Class
15  members because Defendants, directly or indirectly, control the employment terms,
16  pay practices, timekeeping practices, and daily work of Plaintiff and Class members.

17      7.    Plaintiff is informed, believes, and thereon alleges that Defendants
18  jointly exercise control over Plaintiff and putative Class members with respect to
19  their employment.

20      8.    Plaintiff is informed, believes, and thereon alleges that each and every
21  one of the acts and omissions alleged herein were performed by, and/or attributable
22  to, Defendants, each acting as agents and/or employees, and/or under the direction
23  and control of each of the other, and that said acts and failures to act were within the
24  course and scope of said agency, employment and/or direction and control.

25      9.    At all material times, Defendants have done business under the laws of
26  California, have had places of business in California, including in this judicial district,
27  and have employed putative Class members in this District and elsewhere throughout

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

California. Defendants are "persons" as defined in Labor Code § 18 and "employers" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the putative Class members exceed the sum of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the putative Class, on one hand, and Defendants, on the other, are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## FACTUAL ALLEGATIONS

12.     Nestlé Purina produces and markets pet food, treats, and cat litters. Nestlé Purina operates throughout the United States and overseas, including the state of California. Nestlé Purina employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

13.     Nestlé USA produces and distributes a broad range of food and beverage products in the United States, including in California. Nestlé USA operates over 150 locations in 31 states and employs more than 30,000 employees in the United States.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

Nestlé USA employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

14.    Plaintiff works for Defendants as a forklift operator in Maricopa, California. Plaintiff began employment with Defendants in February 2015. Plaintiff's primary duties include but are not limited to: ensuring that Defendants product is moved within Defendants' warehouse in a safe and efficient manner by forklift operation and physically loading/unloading Defendants' trucks. Plaintiff is also responsible for maintaining proper inventory, good housekeeping, and upholding warehouse standards. Plaintiff is classified as an hourly, non-exempt employee and is paid an hourly rate of $25.46.

15.    Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to case pickers, forklift operators, machine operators, material handlers, warehouse clerks, associates, and packers, globally referred to as warehouse workers, and other employees with similar job duties.

16.    Although Plaintiff's shifts may vary in length, Plaintiff usually worked eight (8) hours or more per shift, six shifts per week. Plaintiff works approximately forty (48) hours per week, or more.

17.    Defendants routinely require Plaintiff and putative Class members to perform substantial work off-the-clock and without compensation. This includes but is not limited to Defendants requiring Plaintiff and putative Class members to wait in line, to go through temperature checks and to answer COVID-19 screening questionnaires prior clocking in for the start of their shift. It takes Plaintiff and putative Class members several minutes to go through the line, to undergo such temperature checks, and to answer the COVID-19 screening questionnaires *before* the beginning of each shift. This time spent in temperature check lines, undergoing temperature checks and answering COVID-19 screening questionnaires goes

unrecorded and therefore uncompensated.

18.    In addition, Defendants require Plaintiff and putative Class members to don and doff their Personal Protective Equipment ("PPE") *before* the beginning and *after* the end of their shift, *i.e.*, before clocking in and after clocking out. It takes Plaintiff and putative Class members an additional several minutes to don and doff their PPE before and after each shift. Although, in some instance, Plaintiff and putative Class members are allowed to clock in prior to the start of their shift, during which time they don their PPE, Defendants still do not compensate them until the actual starting time of their scheduled shift. Therefore, this entire time spent donning and doffing also goes unrecorded and therefore uncompensated.

19.    As a result of these policies and/or practices, Plaintiff and putative Class members are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

20.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these "temperature check" and "COVID-19 screening" protocols, and "donning and doffing" policies and practices across all Defendants' facilities throughout California.

21.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanisms throughout all its facilities in California.

22.    In addition to the above, Defendants regularly fail to provide Plaintiff and putative Class members compliant meal breaks. Defendants' policies, practices, and procedures require Plaintiff and putative Class members to routinely skip their meal breaks, yet do not provide them with requisite premium payments for missed meal breaks. In the rare occasions when premium payments are made, such are not paid at Plaintiff's and Class members' regular rate of pay.

23.   Plaintiff and putative Class members are routinely denied meal breaks for at least two reasons: (i) Defendants do not authorize, permit, and/or make available timely meal breaks to Plaintiff and putative Class members; and (ii) Plaintiff and putative Class members are often too busy with work during the day to have time to take bona fide meal breaks.

24.   When Plaintiff and putative Class members do attempt a meal break, such are untimely and/or shortened, *i.e.*, after the end of the fifth hour of work and/or less than thirty minutes. As a result, Plaintiff and Class members are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty, by the end of the fifth hour of work.

25.   Further, for each day Plaintiff and putative Class members work shifts of more than ten hours, Defendants systematically deny Plaintiff and putative Class members a second meal break. Similarly, Plaintiff and putative Class members do not receive requisite premium payments for these missed second meal breaks.

26.   Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these meal breaks policies and practices across all Defendants' facilities throughout California.

27.   Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff and putative Class members.

28.   As a result of the aforementioned violations, Plaintiff and putative Class members are provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime, and premium pay for missed meal breaks.

29.   Putative Class members are employed by Defendants and performed work materially similar to Plaintiff.

30.   Putative Class members report to facilities owned, operated, or managed

by Defendants to perform their jobs.

31.   Putative Class members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

32.   Putative Class members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

33.   At the end of each pay period, putative Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

34.   Defendants pay putative Class members on an hourly rate basis.

35.   Defendants' method of paying Plaintiff and putative Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

36.   Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' California facilities.

37.   Defendants know or should know that their policies and practices are unlawful and unfair.

38.   Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## **RULE 23 CLASS ACTION ALLEGATIONS**

39.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40.   Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The putative Class that Plaintiff seeks to represent is defined as follows:

**All current and former hourly, non-exempt employees of Nestlé Purina PetCare Company and Nestlé USA, Inc., throughout California during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

41.     This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is easily ascertainable.

a.     **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b.     **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i.     Whether Defendants fail to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

ii.     Whether Defendants have a policy and/or practice of requiring putative Class members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii.     Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

iv.   Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

v.   Whether Defendants violate Business and Professions Code §§ 17200 *et seq*., by:

(a) failing to compensate putative Class members for all hours worked, including at minimum wage and at overtime rate wage compensation;

(b) failing to authorize and permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled;

(c) failing to provide putative Class members with timely, accurate itemized wage statements; and

vi.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.   **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class.   Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e.   **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

42. The Class may also be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

43. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

44. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

45. Plaintiff also seeks certification of the class to the extent applicable under Federal Rule of Civil Procedure 23(b)(2) on the grounds that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

class as a whole.

### FIRST CAUSE OF ACTION
**Failure to Pay for All Hours Worked**
**Pursuant to Labor Code § 204**
**(On Behalf of the Class)**

46.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47.    Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

48.    Labor Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

49.    IWC Wage Order 1-2001(2)(G) and 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

50.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in Defendants' control.

51.    Defendants regularly require Plaintiff and the putative Class members to complete additional work off-the-clock, without compensation. For instance, and as mentioned above, Defendants instruct Plaintiff and putative Class members to wait in line, go through temperature checks, answer COVID-19 screening questionnaires, and don their PPE *before* the beginning of each shift, *i.e.*, before clocking in, and to doff their PPE *after* the end of each shift, *i.e.*, after clocking out. It takes Plaintiff and putative Class members several minutes to go through the temperature check line,

undergo such temperature check, answer the COVID-19 screening questionnaires, and don their PPE before their shift starts. It takes Plaintiff and Class members an additional several minutes to doff their PPE after their shift ends. Defendants do not compensate Plaintiff and putative Class members for their time spent in temperature check lines, undergoing temperature checks, answering COVID-19 questionnaires, and donning and doffing.

52.     As a result, Defendants fail to track Plaintiff and putative Class members' actual hours worked, and consequently fail to pay Plaintiff and putative Class members for all hours worked.

53.     Defendants require Plaintiff and putative Class members to work off-the-clock without compensation.  In other words, Plaintiff and putative Class members are forced to perform work for the benefit of Defendants without compensation.

54.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and putative Class members with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and putative Class members actually work and fail to compensate them for all hours worked.

55.     Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class members' rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

56.     As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

57.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

1
2

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
**Pursuant to California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

3
4

58.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

5
6
7
8
9
10
11
12
13

59.    During the applicable statutory period, California Labor Code §§, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017; at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; and at the rate of fourteen dollars ($14.00) commencing January 1, 2021.

14

60.    California Labor Code §1194 states:

15
16
17
18
19
20
21
22

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

23
24
25
26

61.    IWC Wage Order 1-2001(2)(g) and 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

27

62.    Labor Code §1194.2 provides that, in any action under Section 1194 to

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

63.   Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.  Plaintiffs and putative Class members routinely work time off-the-clock *i.e.,* before clocking in and after clocking out, without compensation for this time. For instance, Plaintiff and putative Class members are not compensated for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and donning and doffing.

64.   As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

65.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

66.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

67.   Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate, as required by California law.

68.   Labor Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in

excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

69. The IWC Wage Order 1-2001(3)(A)(1) and 4-2001(3)(A)(1) state:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

70.     Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

71.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

72.     Defendants regularly do not compensate Plaintiff and putative Class members for their overtime hours. For instance, Plaintiff and putative Class members do not receive overtime compensation for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and donning and doffing when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

73.     Plaintiff and putative Class members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

74.     Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations,

Defendants have damaged Plaintiff and putative Class members in amounts to be determined according to proof at time of trial.

75.    Defendants are liable to Plaintiff and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

76.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Authorize and Permit and/or Make Available Meal Periods Pursuant to Labor Code §§ 226.7 and 512
### (On Behalf of the Class)

77.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

78.    Defendants routinely fail to authorize, permit and/or make available complaint meal periods to Plaintiff and putative Class members.

79.    Plaintiff's and Class members' schedules regularly prevent them from taking first meal periods and, when applicable, second meal periods throughout the day. Plaintiff and Class members do not receive the requisite premium pay for their missed first and second meal breaks as required by California law.

80.    Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

81.    Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

82.   Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

83.   Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and putative Class members the ability to take the off-duty meal periods to which they are entitled.

84.   Defendants have also failed to pay Plaintiff and putative Class members one (1) hour of pay for each day an off-duty meal period was denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class members are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

85.   As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

86.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

87.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

88.   Defendants do not provide Plaintiff and putative Class members with accurate

itemized wage statements as required by California law.

89.   Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the

State of California.

90.   The IWC Wage Orders also establishes this requirement.   (See IWC Wage Orders 1-

2001(7) and 4-2001(7).)

91.   Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

92.   Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  The wage statements Defendants provides its employees, including Plaintiff and putative Class members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime. In addition, the wage statements Defendant wage statements do not include premium pay for missed first and/or second meal periods.

93.   Defendants are liable to Plaintiff and the putative Class members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

94.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

///

### NINTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200** *et seq.*
**(On Behalf of the Class)**

95.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

97.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

98.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

99.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.    violations of Labor Code § 1194 and IWC Wage Orders 1-2001 and 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.    violations of Labor Code § 510 and IWC Wage Orders 1-2001 and 4-2001 pertaining to overtime;

    c.    violations of Labor Code §§ 226.7 and 512 and Wage Orders 1-2001 and 4-2001 pertaining to meal breaks; and

    d.    violations of Labor Code § 226 regarding accurate, timely itemized

wage statements.

100. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

101. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

102. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

103. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

104. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and

all other equitable remedies owing to them.

105.  Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

106.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

107.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.  Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

b.  For a declaratory judgment that Defendants has violated the California Labor Code, California law, and public policy as alleged herein;

c.  For a declaratory judgment that Defendants has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

d.  For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officer, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f.  For an order awarding Plaintiff and putative Class members compensatory damages, including lost wages, earnings, liquidated

damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

g.    For an award of reasonable attorneys' fees as provided by the California Labor Code, including California Code of Civil Procedure § 1021.5 and/or other applicable law;

h.    For all costs of suit;

i.    For interest as provided by applicable law; and

j.    For such other and further relief as this Court deems just and proper.

Dated: July 26, 2021                    Respectfully submitted,

Carolyn H. Cottrell
Ori Edelstein
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Salinas v. Nestlé Purina PetCare Company, et al.*

1

2                    **DEMAND FOR JURY TRIAL**

3          Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

4   is entitled to a jury.

5

6   Dated: July 26, 2021                    Respectfully submitted,

7

8

9                                           Carolyn H. Cottrell
                                            Ori Edelstein
10                                          Philippe M. Gaudard
                                            SCHNEIDER WALLACE
11                                          COTTRELL KONECKY LLP

12                                          *Attorneys for Plaintiff and the Putative Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28