KEVIN E. GAUT (SBN 117352), keg@msk.com
EMMA LUEVANO (SBN 198421), eyl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Nestle Purina PetCare Company
and Nestlé USA, Inc.

CAROLYN H. COTTRELL (SBN 166977), ccottrell@schneiderwallace.com
ORI EDELSTEIN (SBN 268145), oedelstein@schneiderwallace.com
ANDREW WEAVER (SBN 318935), aweaver@schneiderwallace.com
PHILIPPE M. GAUDARD (SBN 331744), pgaudard@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff
Emmanuel Salinas, on behalf of the
himself and the Class members

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SALINAS, on behalf of himself and the Class members,<br><br>    Plaintiff,<br><br>    v.<br><br>NESTLÉ PURINA PETCARE COMPANY; NESTLÉ USA, INC.,<br><br>    Defendants. | Case No.: 1:21-CV-01140-JLT-BAK (BAM)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Emmanuel Salinas ("Plaintiff") and Defendants Nestlé Purina PetCare Company and Nestlé USA, Inc. ("Defendants" and, together with Plaintiff, the "Parties") hereby agree as follows:

1. INTRODUCTION

   A. PURPOSE

   This action is likely to involve production of confidential, proprietary or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Such confidential, proprietary or private information may include, among other things and without limitation, information regarding Defendants' confidential business practices, including relevant human resources and safety policies and practices; confidential information implicating privacy rights of third parties, including personnel documentation; information otherwise generally unavailable to the public; or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

   B. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

   The Parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

   2.1  Action: the instant action, titled *Salinas v. Nestlé Purina Petcare Company and Nestlé USA, Inc*, Case No. 1:21-cv-01140-JLT-BAK, including any related mediation or settlement procedures.

   2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for confidentiality protection for any of the reasons specified in Section 1(A) above.

2.4 **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, paper documents, testimony, transcripts, databases, emails or other electronic documents, and tangible things), produced or generated in this matter, including but not limited to disclosures or responses to discovery in this matter or exchanges of information for mediation purposes.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 **House Counsel**: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 **Outside Counsel of Record**: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.11 **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel reveal Protected Material.

  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1 <u>Manner and Timing of Designations</u>.  Confidential designations may be made as follows:

   a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party may affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material

  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it

would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

   b) for testimony given in depositions, the Designating Party may identify any such testimony as CONFIDENTIAL at any time within 10 days following receipt of the transcript. Before such time, the transcripts shall be treated as CONFIDENTIAL in their entirety.

   c) for information produced in some form other than documentary and for any other tangible items, the Designating Party may affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

   5.2 <u>Failures to Designate</u>. Failure to designate qualified information or items in accordance with Section 5.1 does not waive the Designating Party's right to secure protection under this Order for such material. Upon a later designation, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

   Any Party believing materials designated as "CONFIDENTIAL" by another is not entitled to such designation shall notify the Producing or Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing or Designating Party to respond. If a Producing or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph 6.1 of this Protective Order, then the Designating Party may move the court for an order maintaining such designation. To maintain "CONFIDENTIAL" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "CONFIDENTIAL" designation is voluntarily withdrawn by the Producing or Designating party, or the court issues an order modifying or removing such

designation, the provisions of the Protective Order shall continue to apply and all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

   b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d)   the Court and its personnel;

   e)   court reporters and their staff;

   f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

      a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has

obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>MISCELLANEOUS</u>

10.1    The parties agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court.  It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of materials and information designated CONFIDENTIAL under the terms herein.

10.2    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.3    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.4    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. A Party that files Protected Material for which is it not the Designating Party may state in the Request to Seal Documents that the reason for filing under seal is that the Protected Material was designated as Confidential by the Designating Party under this Agreement. The Designating Party will then have the option, but not the requirement, to

Mitchell Silberberg & Knupp LLP

8                         CASE NO. 1:21-cv-01140-JLT-BAK
STIPULATED PROTECTIVE ORDER

file a supplemental Request to Seal Documents within 7 days identifying additional statutory or other authority for sealing.

11.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

12.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 4, 2022          Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
KEVIN E. GAUT
EMMA LUEVANO


By: /s/ Kevin E. Gaut
    Kevin E. Gaut
    Attorneys for Nestle Purina PetCare Company and Nestlé USA, Inc


DATED: April 4, 2022          SCHNEIDER WALLACE COTTRELL KONECKY
CAROLYN H. COTTRELL
ORI EDELSTEIN
ANDREW WEAVER
PHILIPPE M. GAUDARD


By: /s/ Ori Edelstein
    Ori Edelstein
    Attorneys for Plaintiff
    Emmanuel Salinas, on behalf of himself and the Class members

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Emmanuel Salinas v. Nestlé Purina PetCare Company, and Nestle USA, Inc.*, Case No. 1:21-cv-01140-JLT-BAK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

    Date:_____

    City and State where sworn and signed: _____

    Printed name: _____

    Signature: _____

ORDER

Based on the stipulation and finding good cause, the Court adopts the stipulated protective order. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **April 11, 2022**                           /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE